IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHABATAYAH ANDRITCH, PAIGE KELLY, MYRA GLASSMAN, MELISSA A. STRECANSKY, STEVEN TUROFSKY, and EPHRAIM VILENSKI, as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND, and GREGORY KELLEY, PAIGE KELLY, RANDI SCHLOSSBERG-SCHULLO, and EITAN ZEFFREN, as Trustees of THE SERVICE EMPLOYEEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND, | Case No. 1:25-cv-11647 |
| Plaintiffs, | Judge |
| v. | |
| NORRIDGE GARDENS LLC, an Illinois limited liability company, PATTY BABIARZ, individually, and BARAK BAVER, individually , | |
| Defendants. | |

**COMPLAINT**

Plaintiffs SHABATAYAH ANDRITCH, PAIGE KELLY, MYRA GLASSMAN, MELISSA A. STRECANSKY, STEVEN TUROFSKY, and EPHRAIM VILENSKI, as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND, and GREGORY KELLEY, PAIGE KELLY, RANDI SCHLOSSBERG-SCHULLO, and EITAN ZEFFREN, as Trustees of THE SERVICE EMPLOYEEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND (collectively, the "Funds"), through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach &

Yokich, LLP, by way of their complaint against Defendants NORRIDGE GARDENS LLC, PATTY BABIARZ, individually, and BARAK BAVER, individually, state as follows:

## **BACKGROUND, IDENTITY OF PARTIES, JURISDICTION, AND VENUE**

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this District.

2. Norridge Gardens LLC ("Norridge" or "Defendant Company") is a limited liability company registered to do business in Illinois.

3. At all relevant times, Defendant Company was doing business within this District and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(2).

4. At all relevant times, Defendant Company has operated a nursing facility at 7001 West Cullom Avenue, in Norridge, Illinois (the "Facility"), which is within this District.

5. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. § 1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. § 185(a) and (c).

6. The Service Employees International Union Healthcare IL and IN ("SEIU"), formerly known as Service Employees International Union, Local 4, is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this District. SEIU is not a party to this lawsuit.

7. Defendant Company, at all relevant times, has been a party to a Master Agreement between SEIU and the Illinois Association of Health Care Facilities.

8. Under the terms of Defendant Company's respective collective bargaining agreements with SEIU (herein "Agreement"), Defendant Company is required to make monthly contributions to the Funds on behalf of all their full-time employees and on behalf of their part-time employees who elect coverage and are covered by the Agreement.

9. The Agreement also requires Defendant Company to submit monthly remittance reports in which Defendant Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of each covered employee.

10. Defendant Company must also pay contributions for each month worked by their employees to the Funds. Defendant Company is required to remit contributions to the Funds along with the remittance report. Pursuant to the Funds' Trust Agreement and collection procedures, Employers who fail to report and/or remit contributions timely are liable to pay interest on the delinquent contributions at 1% compounded per month, plus an additional 10% in liquidated damages to the Funds, which increases to 20% once a lawsuit is filed, as well as all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

11. Defendant Babiarz is the Human Resource Manager for Defendant Company, whose responsibilities include remitting the contributions the Defendant Company owes to the Funds as described above.

12. Defendant Baver is a manager of Defendant Company and has authority to determine whether Defendant Company will remit the contributions the Defendant Company owes to the Funds as described above.

## COUNT I

### FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS
### (NORRIDGE GARDENS, LLC)

13. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 12 of as paragraphs 1 through 12 of Count I.

14. Notwithstanding its obligations under the collective bargaining agreements and despite demand duly made, Defendant Company failed to report and pay the Funds contributions for the period of May 2025 through the present, thereby depriving the Funds of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

15. Since at least May 2025, Defendant Company has employed employees who perform work covered by the Agreement at its Facility.

16. All conditions precedent to requiring payment of contributions and submission of reports to the Funds have been met.

17. The failure of Defendant Company to properly report and make all required contributions violates ERISA Section 515, 29 U.S.C. § 1145 and/or LMRA Section 301, 29 U.S.C. § 185.

18. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, Defendant Company is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against Norridge Gardens, LLC, as follows:

1. Finding that Norridge Gardens, LLC violated the Agreement;

2. Ordering Norridge Gardens, LLC to submit its records to an audit covering the period of May 1, 2025 through the present so that proper contribution amounts can be determined;

3. Finding that Norridge Gardens, LLC is liable to the Funds for the delinquent contributions owed as revealed pursuant to the audit covering the period of May 1, 2025 to the present, interest, liquidated damages, audit fees, attorneys' fees and court costs;

4. Ordering Norridge Gardens, LLC to pay to Plaintiffs all delinquent contributions to date, all accrued delinquencies prior to and after the filing of this lawsuit, interest, and liquidated damages;

5. Ordering Norridge Gardens, LLC to pay to Plaintiffs all reasonable audit fees and attorneys' fees and costs incurred prior to and through the filing of this lawsuit; and

6. Granting all such other legal and equitable relief as the Court deems just and proper.

**COUNT II**

**FAILURE TO REMIT PAYROLL-DEDUCTION TO EMPLOYEE BENEFIT FUND**
**(NORRIDGE GARDENS, LLC)**

19. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18 of Count I as paragraphs 1 through 18 of Count II.

20. The Agreement requires participating employees to share in the cost of the plan provided by the Health & Welfare Fund through bi-weekly payroll deductions.

21. Pursuant to an agreement entered into between the Illinois Association of Health Care Facilities and the Health & Welfare Fund, the Health & Welfare Fund sends a monthly bill

5

to employers at the rate of $9.10, $65.00, or $165.00 per month for participation in the HMO, PPO, or Advocate plans, respectively.

22. During the period of May 2025 through the present, Defendant Company's employees have performed work for the company and earned wages.

23. Upon information and belief, since at least May 2025, Defendant Company made payroll deductions from its employees' wages for Health & Welfare Fund contributions at the rate of $9.10, $65.00, or $165.00 for participation in the HMO, PPO, or Advocate plans, respectively.

24. Defendant Company failed to remit monthly payroll deductions to the Health & Welfare Fund on behalf of its participating employees for the months of May 2025 through the present.

25. Because Defendant Company has failed to submit any monthly reports to the Funds, the Health & Welfare Fund has been unable to determine the number of participating employees and therefore has been unable to send Defendant Company a bill for employees' share of Health & Welfare Fund contributions.

26. All conditions precedent to requiring payment of payroll deductions to the Funds have been met.

27. The failure of Defendant Company to make all required contributions violates ERISA Section 515, 29 U.S.C. § 1145, and LMRA Section 301, 29 U.S.C. § 185.

28. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g), the terms of the Agreement, and the Funds' governing trust documents, Defendant Company is liable to the Health & Welfare Fund for unpaid employee contributions withheld from wages but not paid to the Health & Welfare Fund, and reasonable attorneys' fees and court costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against NORRIDGE GARDENS, LLC as follows:

1. Finding that NORRIDGE GARDENS, LLC violated the Agreement;

2. Ordering NORRIDGE GARDENS, LLC to produce contribution reports to the Health & Welfare Fund for the months of May 2025 through the present so that the proper employee contribution amounts can be determined;

3. Finding that NORRIDGE GARDENS, LLC is liable to the Health & Welfare Fund for all unpaid contributions deducted from employee paychecks for participation in the Health & Welfare Fund and is liable for the Plaintiffs' attorneys' fees and court costs;

4. Ordering NORRIDGE GARDENS, LLC to pay to the Health & Welfare Fund all unpaid contributions deducted from employee paychecks for participation in the Health & Welfare Fund;

5. Ordering NORRIDGE GARDENS, LLC to pay to the Health & Welfare Fund all reasonable attorneys' fees and costs incurred prior to and through the filing of this lawsuit.

**COUNT III**

**VIOLATION OF FIDUCIARY DUTIES UNDER ERISA**
**(PATTY BABIARZ, individually, and BARAK BAVER, individually)**

29. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 28 of Count II as paragraphs 1 through 28 of Count III.

30. At all relevant times, Defendants Patty Babiarz ("Babiarz") and Barak Baver ("Baver") were fiduciaries with respect to the amount of employee contributions withheld from wages but not paid to the Health & Welfare Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), in that they exercised discretionary authority or control respecting management or disposition of assets of the Health & Welfare Fund.

31. By engaging in acts and omissions described herein, Defendants Babiarz and Baver breached their fiduciary duties with respect to the Health & Welfare Fund within the meaning of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

32. Pursuant to the Employee Benefits Security Administration ("EBSA") regulation § 2510.3-102, amounts withheld from an employee's wages for transfer to an employee benefit plan are considered plan assets. By engaging in the acts and omissions described herein, pursuant to Section 406(a)(1)(D) and 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1) and 1106(b)(10), Defendants Babiarz and Baver engaged in a breach of fiduciary duties with respect to the Health & Welfare Fund within the meaning of Section 404(a)(1)(A) of ERISA, 29 U.S.C> § 1104(a)(1)(A). As fiduciaries, Defendants Babiarz and Baver engaged in prohibited transactions by failing to deposit monies that were knowingly deferred from Defendant Company's employees' income that should have been timely remitted to the Health & Welfare Fund. These acts or omissions constitute direct or indirect use of Health & Welfare Fund assets for the benefit of the Defendants.

33. Defendant Company's employees and the Health & Welfare Fund are entitled to remedies of restitution and an accounting to specifically determine the full extent of all benefits denied pursuant to the terms of the Agreement and arising out of Defendant Babiarz and Baver's various breaches of contractual and statutory duties as to the amounts that should have been timely remitted to the Health & Welfare Fund. By Defendants Babiarz and Baver's contractual and statutory violations, Defendant Company's employees and the Health & Welfare Fund are entitled to amounts to be determined as investment income that would have been generated had appropriate contributions been made as required.

34. Pursuant to Section 409 of ERISA, 29 U.S.C. § 1109, Defendants Babiarz and Baver are personally liable to reimburse the Health & Welfare Fund for any losses to it resulting from the above-referenced prohibited transactions and breach of fiduciary duties, and to restore to the Health & Welfare Fund any profits that have been made through Defendants' use of Health & Welfare Fund assets in amounts that are presently unknown to Plaintiffs.

35. Pursuant to Section 502(g)(1) and (2) of ERISA, 29 U.S.C. § 1132(g)(2), and the terms of the Funds' governing trust documents, Defendants Babiarz and Baver are liable to Defendant Company's employees and to the Health & Welfare Fund for amounts to be determined as investment income that would have been generated had appropriate contributions been made, and for unpaid employee contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against PATTY BABIARZ, individually, and BARAK BAVER, individually, as follows:

1. Finding that Defendants Patty Babiarz and Barak Baver breached their fiduciary duties with respect to employee contributions withheld from wages but not paid to the Health & Welfare Fund;

2. Finding that Defendants Patty Babiarz and Barak Baver, personally and individually, are liable to the Health & Welfare Fund for the amount of employee contributions withheld from employees' wages from May 2025 through the present;

3. Finding that Defendants Patty Babiarz and Barak Baver, personally and individually, are liable to the Health and Welfare Fund for the amount of investment income that would have been generated had the Defendants remitted employee contributions withheld from wages to the Health & Welfare Fund in a timely manner;

4. Finding that Defendants Patty Babiarz and Barak Baver, personally and individually, are liable to the Health & Welfare Fund for the amount of profit generated from Defendants' unlawful use of Health & Welfare Fund assets;

5.     Finding that Defendants Patty Babiarz and Barak Baver, personally and individually, are liable to the Health & Welfare Fund for reasonable attorneys' fees and costs pursuant to the Attorneys' Fees in Wage Actions Act, 705 ILCS 225/1, the Illinois Wage Payment and Collection Act, 820 ILCS 115/14(a), and/or ERISA, 29 U.S.C. § 1132(g)(1) & (2); and

6.     Awarding all other such legal and equitable relief as the Court deems appropriate.

## COUNT IV

### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
(NORRIDGE GARDENS, LLC, PATTY BABIARZ, individually, and BARAK BAVER, individually)

36.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 35 of Count III as paragraphs 1 through 35 of Count IV.

37.     The Health & Welfare Fund has demanded payment of the monies believed to have been deducted from Defendant Company's employees' wages and withheld by the Defendant Company, however, the proper payment has not been received.

38.     The Defendant Company's conduct violates the Illinois Wage Payment and Collection Act, 820 ILCS 1151, *et seq*.

39.     This Court has supplemental jurisdiction over Count II, which alleges a state law claim, pursuant to 28 U.S.C. § 1367.

40.     Venue is properly vested in the District Court for Count II, pursuant to 28 U.S.C. § 1391(b).

41.     During the period of May 2025 to the present, Defendant Company's employees performed work for Defendant Company and earned wages.

42.     At all relevant times, Defendants Babiarz and Baver acted directly in the interest of Defendant Company in relation to its employees.

10

43. Upon information and belief, at all relevant times, Defendants Babiarz and Baver controlled the terms and conditions of employment of Defendant Company's employees and exercised control over the payment of wages and withholding of monies from employees' wages.

44. Upon information and belief, at all relevant times, Defendants Babiarz and Baver controlled all disbursements made by the Defendant Company, including the issuance of payroll checks and contribution remittance checks.

45. Upon information and belief, at all relevant times, Defendants Babiarz and Baver knowingly permitted the Defendant Company to retain the wages withheld from each employee's paycheck rather than tendering such funds to the Health & Welfare Fund.

46. Defendants Babiarz and Baver personally and actively conducted or participated in the actions of the Defendant Company alleged above causing injury to the Health & Welfare Fund. Defendants Babiarz and Baver, therefore, are employers under the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, and are personally liable for Defendant Company's failure to properly deduct money from employees' wages and remit those monies to the Health & Welfare Fund for payment of employee contributions under the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, based on Count IV of this Complaint, Plaintiffs respectfully request this Court to enter a judgment against NORRIDGE GARDENS, LLC, PATTY BABIARZ, individually, and BARAK BAVER, individually, as follows:

1. Finding that Norridge Gardens, LLC, Patty Babiarz, personally and individually, and Barak Baver, personally and individually, violated the Wage Payment and Collection Act;

2. Finding that Defendants Patty Babiarz and Barak Baver, personally and individually, are liable to the Health & Welfare Fund for reasonable attorneys' fees and costs pursuant to the Attorneys' Fees in Wage Actions Act, 705 ILCS

225/1, the Illinois Wage Payment and Collection Act, 820 ILCS 115/14(a), and/or ERISA, 29 U.S.C. § 1132(g)(1) & (2); and

3. Ordering Norridge Gardens, LLC, Patty Babiarz and Barak Baver, individually, jointly and severally, to pay Plaintiffs all monies that were deducted from employee wages but not properly remitted to the Health & Welfare Fund;

4. Ordering Norridge Gardens, LLC, Patty Babiarz and Barak Baver, individually, jointly and severally, to pay the Plaintiffs' costs in connection with their efforts to recover money they were deprived, including reasonable attorneys' fees and costs pursuant to the Attorneys' Fees in Wage Actions Act, 705 ILCS 225/1;

5. Granting all other such legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Josiah A. Groff
Josiah A. Groff
An Attorney for the Plaintiffs

Josiah A. Groff (ARDC# 6289628)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT, CERVONE,
    AUERBACH & YOKICH
8 S. Michigan Ave. – 19th Floor
Chicago, IL 60602
312-372-1361

September 25, 2025